IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**EDGAR E. RODRIGUEZ-GUAIQUIRIAN,**
**#45790-177**
    **Plaintiff,**

v.                                    CIVIL CASE NO.  3:15-CV-257-B-BK

**UNITED STATES OF AMERICA,**
    **Defendant.**

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge.  Plaintiff, a federal inmate, filed a *pro se* complaint seeking the return of seized property.  The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff seeks the return of property (an automobile, $2,343.00 in U.S. currency, two cell phones, and a driver license) seized by state authorities when he was arrested in Hillsboro County, Texas.  Doc. 8 at 1; Doc. 11 at 1.  He claims the property should be returned to him because he was prosecuted in federal court; the property was not seized through "the correct federal procedures"; and "all the things the State Court has done is incorrect."  Doc. 8 at 1.

In answer to the Court's questionnaire, Plaintiff concedes his property was forfeited by order of the state court on July 30, 2013, in Cause No. 50409.  Doc. 11 at 2; Doc. 5 at 3 (a copy of the final judgment of forfeiture).  He contends, however, the forfeiture was illegal because he

was not notified and, thus, he could not appear at the state forfeiture hearing or file an appeal. Doc. 11 at 2-3.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction. It is an issue of the utmost importance, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *See* System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

By virtue of the *Rooker-Feldman* doctrine,[1] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000) (quoting Liedtke v. State Bar, 18 F.3d 315, 317 (5th Cir. 1994)). The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" Jordaan v. Hall, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting Hale, 786 F.2d at 691). Errors in state cases should be reviewed and settled through the state appellate process. Rooker, 263 U.S. at 415. The United States Supreme Court, through a writ of certiorari, is the only federal court permitted to review state court decisions. Weekly, 204 F.3d at 615.

---

[1] This doctrine takes its name from two Supreme Court decisions: District of Columbia, Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Here, Plaintiff's request for return of seized property, "stripped to essentials, is an attack on the judgment of the state [court]." Liedtke, 18 F.3d at 318; *see also* Fulton v. Texas, 217 F. App'x 371 (5th Cir. 2007) (the *Rooker/Feldman* doctrine applies to federal challenges to state forfeiture proceedings). Plaintiff's allegations require the Court to review the July 2013 judgment of forfeiture, which this Court "may not do." Feldman, 460 U.S. at 482 n. 16. Plaintiff's action is, thus, "'inextricably intertwined'" with the state forfeiture proceedings, Liedtke, 18 F.3d at 318, and the only recourse for Plaintiff is in the state courts. *See* Joseph v. Holiday, 263 F.3d 163, *1 (5th Cir. 2001) (plaintiff could not invalidate a state forfeiture proceeding in federal court) (unpublished per curiam). Consequently, this action should be dismissed for want of jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. *See* Brewster v. Dretke, 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'"). Here, the Court lacks jurisdiction over Plaintiff's claim. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3)

SIGNED April 16, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE